# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ACADIA INSURANCE COMPANY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No.: 2:17-cv-01368 <br> ) |
| SOUTHERNPOINTE GROUP, INC.; ROBERT DONLON; BEVERLY DONLON; LUTHER S. PATE, IV; ENCORE TUSCALOOSA, LLC, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

COMES NOW, plaintiff, Acadia Insurance Company ["Acadia"], and herby responds to the Rule 12(b)(1), *Fed.R. Civ. P.* motion to dismiss filed by SouthernPointe Group, Inc., Robert Donlon, and Beverly Donlon [collectively referred to as "SouthernPointe Defendants"]. The SouthernPointe Defendants' motion to dismiss is due to be denied on the following grounds:

**I.    SoutherPointe Defendants' Motion to Dismiss is Due to be Denied Because it is Brought Pursuant to Fed.R.Civ.P., Rule 12(b)(1) - Lack of Subject Matter Jurisdiction. SouthernPointe Defendants Provide No Evidence of Lack of Subject-Matter Jurisdiction**

The SouthernPointe Defendants confuse their argument that a determination of whether something is accidental for insurance purposes is based soley on the

1

subjective intent of the insured with a Rule 12(b)(1) argument for lack of subject-matter jurisdiction.

A claim arises under federal law and therefore confers subject-matter jurisdiction to determine its merit if it asserts a colorable cause of action under federal law. See *Fed.R.Civ.P.*, Rule 12 (b)(1); *see also, Bell v. Hood*, 327 U.S. 678, 681, 66 S. Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383 (1946). In the present case, Acadia's action is brought pursuant to the *Federal Declaratory Judgment Act*, 28 USC §2201. Even if one were to assume that Acadia's claims are without merit (Acadia's claims do have merit), this does not mean that this Court lacks jurisdiction to render a ruling. *McCready v. White*, 417 F.3d 700, 703 (7th Cir. 2005).

## II. SouthernPointe Defendants' Arguments Fail to Address Substantial Authoritative Case Law on the Issue of Determining Whether There Has Been an "Occurrence" as Defind By the Policy

Defendants support their Motion to Dismiss alleging that because the term "accident" is not defined in the policy, whether something is accident for insurance purposes is based solely on the subjective intent of the insured. [Doc. 12, ¶ 2 ]. Southern Pointe Defendants' argument does not support a motion to dismiss. This argument is more appropriately set forth in opposition to Acadia's forthcoming motion for summary judgment. Further, SouthernPointe Defendants ignore the

substantial Alabama case law on the issue of determing whether there has been an "occurrence" as defined by the policy.

The Alabama Supreme Court has "defined 'accident' in the context of an 'occurrence' in a CGL policy, like the one at issue here, as 'an unintended and unforseen injurious occurrence; something that does not occur in the usual course of events or that could be reasonably anticipated' or 'something unforseen, unexpected or unusual.'" *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Snider*, 996 F.Supp.2d 1173, 1181(M.D. Ala., 2014) (citing *Owners Insurance Company v. Shep Jones Construction*, 2012 WL 1642169, at *3 (N.D. Ala. May 3, 2012) and *Hartford Cas. Ins. Co. v. Merchs. & Farmers Bank*, 928 So.2d 1006, 1011 (Ala. 2005))). Indeed, "'[a] result, though unexpected, is not an accident; the means or cause must be accidental.'" *Snider*, 996 F.Supp.2d 1173, 1181-82 (M.D. Ala., 2014) (quoting *Emp'rs Mut. Cas. Co. v. Smith Const. & Dev., LLC*, 949 F.Supp.2d 1159, 1171 (N.D. Ala. 2013) and *Am. Safety Indem. Co. v. T.H. Taylor, Inc.,* 2011 WL 1188433, at *4 (M.D. Ala. Mar. 29, 2011)).

Here, the basis of the underlying Plaintiffs' complaint is a "business dispute." [Exhibit B to Acadia's Complaint for Dec. Judgment, ¶ 8 ("The gravamen of this lawsuit is that Wintzell's Oyster House restaurants were to be built and operated in Jefferson County and one other location.")]. Specifically, the underlying plaintiffs allege that SouthernPointe Defendants breached their contract

by squandering and misappropriating funds and fraudulently transferring the funds to organizations that did little or no work to benefit the organization. [Exhibit B to Acadia's Complaint for Dec. Judgment, ¶¶ 15-16]. The underlying Allegations, which are based on a "business dispute," are not occurrences:

> [The policy was] not intended to cover business transactions and business ventures, of a consumer nature or of a another [sic] kind. To allow coverage here would have the effect of transforming [the insurer] into "a sort of silent business partner" to the consumer transactions between the state plaintiffs and [the insured]. This would be improper because "[t]he expansion of the scope of the insurer's liability would be enormous without corresponding compensation. There is simply no reason to expect that such a liability would be covered under a comprehensive liability policy which has, as its genesis, the purpose of protecting an individual or entity from liability for essentially accidental injury to another individual, or property damage to another's possessions."

*Auto-Owners Ins. Co. v. Toole*, 947 F.Supp. 1557, 1564 (M.D. Ala. 1996) (quoting *City of Burlington v. National Union Fire Ins. Co.*, 163 Vt. 124, 655 A.2d 719, 722 (1994)).

In addition, the factual allegations of the underlying complaint, which support an intentional and purposeful course of conduct, do not support a duty to defend or indemnify the SouthernPointe Defendants. *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So.2d 1006, 1012 (Ala. 2005) ("We therefore conclude that when the complaint supplies descriptive facts and those facts are irreconcilable with a legal theory, such as 'negligence,' asserted in the complaint, the facts, not the mere assertion of the legal theory, determine an insurer's duty to

4

defend."). This is because the result of the SouthernPointe Defendants' actions is not an unintended and unforseen injurious occurrence, which could not be reasonably anticipated.

SouthernPointe Defendants also fail to address Acadia's other arguments, including the fact that the damage alleged does not fall within coverage provided by the subject policy. In *American States Ins. Co. v. Martin*, 662 So.2d 245 (Ala. 1995), the Supreme Court of Alabama addressed a fact scenario very similar to the present case and held that the insurer, who provided business owner's and commercial general liability insurance, had no duty to provide coverage or defense in a claim brought by investors to real estate businesses because the economic loss was not covered as "property damage" under policy. In *Martin*, the plaintiffs, the Bergers:

> [Alleged] that they had deposited money with Martin over a period of years for which Martin gave them documents that represented that the Bergers had a security interest in realty in Montgomery County, Alabama. The state court complaint alleged that Martin had negligently, recklessly, or wantonly invested the Bergers' funds in a manner that exposed their investments and security instruments to unsafe financial conditions, resulting in the ultimate loss of their investments. The Bergers' complaint also alleged that Martin's actions included false and reckless misrepresentations that led to the loss of their investment. Each count in the Bergers' complaint included a claim for mental anguish.

*Martin*, 662 So.2d at 247.   There, the court noted that the clear basis of the Bergers' complaint is that "they invested money with Martin and that they lost

money on those investments." *Id.* at 249. As a result, the court determined that there was no coverage because the policy defined property damage as damage to *tangible property* and "strictly economic losses like lost profits, loss of an anticipated benefit of a bargain, and loss of an investment, do not constitute damage or injury to 'tangible' property." *Id.* at 249-50.

## CONCLUSION

For the reasons set out above, the Motion to Dismiss filed by SouthernPointe, Robert Donlon, and Beverly Donlonis is due to be denied.

Respectfully submitted this the 12th day of September, 2017.

> s/David A. Bright
> David A. Bright [asb-0758-g69d]
> One of the Attorneys for Plaintiff
> OF COUNSEL:
> KLASING, WILLIAMSON,
> BURKE & BRIGHT, P.C.
> 1601 Providence Park
> Birmingham, Alabama 35244
> 205-980-4733
> 205-980-4737   Fax
> David@kwpc-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing on counsel for all parties to this matter by filing same with the Clerk of Court via CM/ECF which will cause service to be made electronically, in each of the following, on this the 12th day of September, 2017:

William Eugene Rutledge, Esq.
Joseph Henry Rutledge, II, Esq.
Rutledge & Yaghmai
Two Chase Corporate Drive
Suite 460
Birmingham, AL 35244

                                             s/David A. Bright
                                             Of Counsel