UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ACADIA INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:17-cv-01368-JHE |
| SOUTHERNPOINTE GROUP, INC.; ROBERT DONLON; BEVERLY DONLON; LUTHER S. PATE, IV; ENCORE TUSCALOOSA, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM

Defendants Luther S. Pate, IV and Encore Tuscaloosa, LLC (both "Pate") say as follows in answer to the complaint:

1. Pate is without sufficient knowledge or information to form a belief as to the truth of these averments.

2. Admitted.

3. Defendant is without sufficient knowledge or information to form a belief as to the State of incorporation and principle place of business of said corporation.

4. Admitted.

5. Admitted.

6. This paragraph does not require a response, but to the extent it does, it is denied.

7. Admitted.

8. Admitted.

9. The underlying complaint speaks for itself and is the best evidence of Pate's allegations. The paraphrase in this paragraph is incomplete and hence denied.

10. The underlying complaint speaks for itself and is the best evidence of Pate's allegations. The paraphrase in this paragraph 5 is incomplete and hence denied.

11. The underlying Complaint speaks for itself and is the best evidence of Pate's allegations. The paraphrase in this paragraph is incomplete and hence denied.

12. The underlying Complaint speaks for itself and is the best evidence of Pate's allegations. The paraphrase in this paragraph is incomplete and hence denied.

13. The underlying Complaint speaks for itself and is the best evidence of Pate's allegations. The paraphrase in this paragraph is incomplete and hence denied.

14. The underlying Complaint speaks for itself and is the best evidence of Pate's allegations. The paraphrase in this paragraph is incomplete and hence denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted that the policy contains some of the quoted terms but denied this paragraph contains all "relevant terms," and the policy is the best evidence of its provisions, so this paragraph and its conclusions are denied.

19. This paragraph contains some of the allegations in the Complaint but this paraphrase does not contain all of the allegations and the complaint is the best evidence of the allegations and claims against defendants in the underlying suit, so this paragraph and its conclusions are denied.

20. (A-K) Denied.

21. Pate is without sufficient knowledge or information to form a belief as to the truth of this averment.

22. Pate denies a controversy exists and asserts there is coverage under the policy.

23. Pate denies a controversy exists and asserts there is coverage under the policy.

## AFFIRMATIVE DEFENSES

1. Plaintiff is barred from enforcing exclusionary provisions of the policy should the policy not have been delivered to the insured in Alabama.

2. Plaintiff is barred from enforcing any exclusionary provisions to the extent it fails to fulfill its duties of enhanced good faith under the *L&S Roofing* doctrine.

3. Plaintiff's claim for a declaratory judgment on the duty to indemnify is not ripe.

## COUNTERCLAIM

Pate makes the following counterclaim against plaintiff:

1. The complaint in the underlying suit alleges an "occurrence" that caused "bodily injury" and/or "property

damage" to plaintiffs within the policy period. Therefore, plaintiff has the duty both to defend its insureds in the underlying suit, and a duty to indemnify them for any judgment or settlement returned against them in the underlying suit.

2. The exclusions and/or breach of conditions cited by plaintiff in the declaratory judgment complaint are inapplicable to the underlying suit. Plaintiff cannot sustain its burden of proof to prove the applicability of said exclusions and/or breach of conditions. Therefore, plaintiff has a duty to defend its insureds in the underlying suit and to indemnify them for any judgment or damages returned in the underlying suit.

WHEREFORE, Pate prays for a judgment declaring that plaintiff has a duty to defend its insureds in the underlying suit and to indemnify them for any judgment or settlement therein.

>*/s/ Andrew J. Sinor, Jr.*
> Andrew J. Sinor, Jr. (SIN011)
> J. Mark Hart (HAR023)
> Attorneys for Defendants
> Luther S. Pate, IV and
> Encore Tuscaloosa, LLC

**OF COUNSEL:**
HAND ARENDALL LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: 205-324-4400
Facsimile: 205-322-1163
dsinor@handarendall.com

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing has been served upon all parties or their attorneys of record by serving a true and exact copy of same by U. S. mail, postage prepaid, and properly addressed, or by Alacourt, this the 11th day of October, 2017.

                                               */s/ Andrew J. Sinor, Jr.*
                                               OF COUNSEL

1284982_1